J-A22013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COREY L. WILLIAMS | |
| Appellant | No. 1956 MDA 2015 |

Appeal from the PCRA Order September 3, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000432-2002

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED AUGUST 24, 2016**

Corey L. Williams ("Appellant") appeals from the order entered in the Franklin County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On June 3, 2003, a jury convicted Appellant of robbery, unlawful restraint, receiving stolen property, conspiracy, and carrying a firearm without a license.[2]  On July 9, 2003, the court sentenced Appellant to an aggregate term of 8½ to 35 years' incarceration.  On April 13, 2004, this Court affirmed Appellant's judgment of sentence.  On November 29, 2006, our

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3701, 2902, 3925, 903, and 6106, respectively.

Supreme Court denied Appellant's petition for allowance of appeal. On February 27, 2007, our Supreme Court denied Appellant's application for reconsideration. Appellant did not file a petition for allowance of appeal with the Supreme Court of the United States. Appellant filed his first *pro se* PCRA petition in May of 2008. The PCRA court appointed counsel, who filed an amended PCRA petition in December of 2010. After an evidentiary hearing, the PCRA court denied Appellant relief on August 10, 2011. On November 27, 2012, this Court affirmed the order that denied Appellant's first PCRA petition.

On July 13, 2015, Appellant filed the present PCRA petition. On August 5, 2015, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant responded to the notice, and the PCRA court dismissed the petition on September 3, 2015. On September 28, 2015, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

A. WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] CLAIM THAT THE COMMONWEALTH VIOLATED THE ORDER OF THE SUPERIOR COURT?

B. WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] CLAIM THAT THE COMMONWEALTH DID NOT ADHERE TO STATUTORIAL LAW SET FORTH IN 42 PA.C.S. § 9757, BY NOT REALIZING THAT [APPELLANT'S] WHOLE SENTENCE WAS THE COMBINATION OF HIS 432-02 CASE AND HIS 511-02 CASE?

C. WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] CLAIM THAT THE COMMONWEALTH DID NOT USE THE WORDS SET FORTH WITHIN PENNSYLVANIA LAW IN ITS ORIGINAL USAGE?

D. WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] CLAIM THAT THE [TRIAL] COURT FAILED TO ACKNOWLEDGE THAT [APPELLANT'S] AGGREGATED SENTENCE WOULD BE ONE CONTINUOUS SENTENCE INSTEAD OF TWO SEPARATE SENTENCES?

E. WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] CLAIM THAT THE COMMONWEALTH FAILED TO ADHERE TO 42 PA.C.S. §9781(C)(2) OF THE PENNSYLVANIA STATU[T]E BY NOT CONSIDERING THE REHABILITATIVE NEEDS OF [APPELLANT] BY IMPOSING SUCH AN EXCESSIVE SENTENCE?

F. WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] CLAIM THAT THE COMMONWEALTH FAILED TO FOLLOW STATUTORIAL LAW SET FORTH BY THE LEGISLATURE WHEN [IT] FOCUSED SOLELY UPON THE VICTIMS' STATEMENTS AND NOT THE CIRCUMSTANCES OF THE CRIME OR [APPELLANT'S] CHARACTER?

G. WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] CLAIM THAT THE COMMONWEALTH DID NOT STATE ON THE RECORD AND REASONS FOR THE LENGTH OF [APPELLANT'S] SENTENCE, NOR WHY IT WAS SET IN A CONSECUTIVE MANNER?

H. WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] CLAIM THAT THE COMMONWEALTH IMPOSED A CLEARLY UNREASONABLE SENTENCE WHICH IS A VIOLATION OF 41 PA.C.S. § 9781, BY IMPOSING A SENTENCE THAT WOULD KEEP [APPELLANT] ON PAROLE UNTIL HE WOULD BE IN HIS SIXTIES?

Appellant's Brief, Statement of Questions Involved.[3]

---

[3] Appellant's brief is not paginated.

Before we address the merits of Appellant's claims, we must determine whether his PCRA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." *Id.* To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); *see also* 42 Pa.C.S. § 9545(b). This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

> (i) the failure to raise the claim was the result of interference by government officials with the

presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on February 27, 2007, when his time to appeal to the Supreme Court of the United States expired. *See* 42 Pa.C.S. § 9545(b)(3). Appellant's patently untimely PCRA petition, filed July 13, 2015, fails to allege any of the statutory exceptions to the PCRA time bar.[4]

---

[4] Appellant's contention that this Court directed the trial court to vacate his judgment of sentence on this docket is without merit. At 82 MDA 2014, this Court directed the trial court to vacate Appellant's judgment of sentence at Docket No. CP-28-CR-0000511-2002 ("No. 511"). Although Appellant's present sentence at Docket No. CP-28-CR-0000432-2002 ("No. 432") was imposed consecutively to his sentence at No. 511, it was a separate judgment of sentence imposed on convictions that stemmed from a separate crime. This Court's order at 82 MDA 2014 had no bearing on the present case.

Because Appellant failed to plead and prove any of the statutory exceptions to the PCRA time limitation, the PCRA court correctly determined that it lacked jurisdiction to hear this untimely PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016